139 F.3d 902
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Kevin LOVE, Defendant-Appellant.
 No. 97-2665.
 United States Court of Appeals, Seventh Circuit.
 Argued Dec. 17, 1997.
Decided Feb. 17, 1998.
Rehearing Denied March 19, 1998.
 
 Appeal from the United States District Court for the Central District of Illinois. No. 2:96CR20069-001.
 Before CUMMINGS, ESCHBACH, and COFFEY, Circuit Judges.
 ORDER
 Baker, J.
 
 
 1
 Love was videotaped by Drug Enforcement Agency officials distributing less than 5 grams of crack cocaine to a confidential informant. He was charged with two counts of distribution of cocaine base and pleaded not guilty. Subsequently, Love changed his plea and pleaded guilty to two counts of knowingly distributing less than five grams of a mixture or substance containing cocaine base ("crack") in violation of 21 U.S.C. § 841(a)(1) pursuant to a written plea agreement. The presentence report (PSR) concluded that Love was a career offender pursuant to U.S.S.G. § 4B1.1 due to the fact that he was over eighteen years old and had at least two prior felony controlled substance convictions. In addition to the career offender enhancement, the PSR recommended a three-level reduction for acceptance of responsibility for a base offense level of 31 and a criminal history category of VI, corresponding to an imprisonment range under the Sentencing Guidelines of 188-235 months.
 
 
 2
 At sentencing, Love requested a downward departure from the career offender guideline range on the basis that his criminal history category overrepresented the seriousness of his criminal conduct and overrepresented the likelihood that Love would commit other crimes.[1] See U.S.S.G. § 4A1.3. The district court, however, stated that "the criminal history of the defendant meets--squarely meets the qualifications in the guidelines for a career offender. I didn't write them. He fits right in." Sent. Tr. at 26. Love was sentenced to 188 months' imprisonment and 6 years' supervised release.
 
 
 3
 In his brief on appeal, Love argued that the district court should have departed downward from the career offender guideline range, and that this court has the authority to review the decision because the district court believed it did not have the authority to depart downward. The government responded in its merits brief that the case should be remanded for a determination as to whether the district court understood whether or not it could depart. Subsequently, in a minute order dated October 17, 1997, this court ordered the government to follow the procedure indicated in Circuit Rule 57.[2] After the government moved to clarify the record, the district court responded that it had "refused a downward departure [on the career offender provision] because it found no merit in the defendant's argument. Not because it thought it lacked the power to depart." Dist. Ct. Order, October 27, 1997.
 
 
 4
 In its response to the government's motion to clarify, the district court made clear that it knew that it had the discretion to depart but chose not to based on the circumstances in this case. This court has no jurisdiction to review a discretionary refusal to depart downward unless the sentence was imposed in violation of the law or as a result of an incorrect application of the Sentencing Guidelines. United States v. Yoon, 128 F.3d 515, 529 (7th Cir.1997). No indication exists that the sentence was illegally imposed or was an incorrect application of the Guidelines; thus, this court has no jurisdiction to review the discretionary decision of the district court not to depart downward.
 
 
 5
 During oral argument, Love's counsel presented a new argument asserting that the district court had not addressed specifically whether the defendant's criminal history category overrepresented the likelihood that Love would commit other crimes. See U.S.S.G. § 4A1.3. Counsel conceded during oral argument that this claim was not presented in his brief on appeal; accordingly, the claim is waived. See United States v. Beltran, 109 F.3d 365, 371 (7th Cir .), cert. denied, --- U.S. ----, 118 S.Ct. 145, 139 L.Ed.2d 92 (1997). Because we do not have jurisdiction to review the district court's discretionary decision not to grant the downward departure, the decision of the district court is
 
 
 6
 AFFIRMED.
 
 
 
 [1]
 Love also asked the district court to depart downward based on claimed substantial assistance under § 5K1.1 of the Sentencing Guidelines, but Love is not challenging on appeal the district court's refusal to grant the downward departure on that ground
 
 
 [2]
 Circuit Rule 57 states:
 A party who during the pendency of an appeal has filed a motion under Fed.R.Civ.P. 60(a) or 60(b), Fed.R.Crim.P. 35(b), or any other rule that permits the modification of a final judgment, should request the district court to indicate whether it is inclined to grant the motion. If the district court so indicates, this court will remand the case for the purpose of modifying the judgment. Any party dissatisfied with the judgment as modified must file a fresh notice of appeal.